UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
OFFERUP INC.,

                                  Plaintiff,                **MEMORANDUM AND ORDER**

              v.                                        23-CV-6014 (RPK) (CLP)

RAMTIN SOFTWARE SOLUTIONS, LLC,

                                  Defendant.
---------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       Offerup Inc. brings this action against Ramtin Software Solutions, LLC alleging trademark infringement and related claims under state and federal law. Defendant has moved to dismiss plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, defendant's motion to dismiss is denied.

## BACKGROUND

       The following facts are taken from the complaint and assumed true for the purposes of this order.

       Since 2011, plaintiff has operated an "online marketplace platform" accessible through the plaintiff's mobile applications and website. Compl. ¶ 8 (Dkt. #1).

       In January 2013, plaintiff obtained from the United States Patent and Trademark Office ("USPTO") a word mark for "OFFERUP" for International Classes 9 and 35. *Id.* ¶ 11. This trademark has been in continuous use for at least five years since its registration, and it has accordingly become "incontestable." *Id.* ¶¶ 11, 12; *see* Compl. Ex. 1 (Dkt. #1-1). In May 2018, plaintiff obtained the same for International Classes 38 and 42. Compl. ¶ 14; *see* Compl. Ex. 2 (Dkt. #1-2).

1



OFFERUP, U.S. Registration No. 5,840,340 (Dkt. #39-4).

Defendant operates a similar, competing platform and "owns and controls the Google Play Store listing for the 'Offeria (Buy & Sell)' Google Play mobile application." Compl. ¶¶ 1, 17, 20. The listing appeared in March 2023 as the following:



*Id.* ¶ 17. Defendant also allegedly "owns and controls the Offeria website found at www.offeria.com," *id.* ¶ 18, and, in September 2022, filed an application with the USPTO for a word mark for "OFFERIA" for International Class 9, *id.* ¶ 19.

Plaintiff filed this action in May 2023 in the United States District Court for the Central District of California. *See* Compl. The case was transferred to this Court on defendant's motion. *See* Order Granting Mot. for Change of Venue (Dkt. #19). The complaint asserts four causes of action: (1) trademark infringement under 15 U.S.C. § 1114, (2) false designation of origin under 15 U.S.C. § 1125(a), (3) common law trademark infringement under California state law, and (4) common law unfair competition under California state law. Compl. ¶¶ 29–61. Plaintiff seeks damages, injunctive relief, and declaratory relief. *Id.* ¶¶ A–N.

Defendant has moved to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), arguing (1) that plaintiff's claims are time-barred, (2) that plaintiff's trademark is generic, and (3) that plaintiff fails to adequately plead a likelihood of confusion between the relevant marks. *See* Def.'s Mot. to Dismiss (Dkt. #38); Def.'s Mem. in Supp. (Dkt. #39). Because it is unclear whether the case was transferred pursuant to 28 U.S.C. § 1404 or § 1406(a), *see* Order Granting Mot. for Change of Venue; Def.'s First Mot. to Dismiss 14 (Dkt. #11); Pl.'s First Opp'n 2 (Dkt. #17), defendant argues for dismissal on the basis of both California and New York law, *see* Def.'s Mem. in Supp.; *Gerena v. Korb*, 617 F.3d 197, 204 (2d Cir. 2010). Neither party, however, suggests that the choice of law impacts the disposition of defendant's motion. *See* Def.'s Mem. in Supp.; Pl.'s Opp'n 4–5 (Dkt. #40); Def.'s Reply (Dkt. #41); *First Hill Partners, LLC v. BlueCrest Cap. Mgmt. Ltd.*, 52 F. Supp. 3d 625, 632–33 (S.D.N.Y. 2014) (noting that whether a choice-of-law analysis is necessary turns on whether "each jurisdiction provides different substantive rules and those differences are relevant to the issue at hand[ ] and . . . have a significant possible effect on the outcome" (citation and quotation marks omitted; alteration in original).

3

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To avoid dismissal on that basis, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (discussing Fed. R. Civ. P. 8). The facial "plausibility standard is not akin to a probability requirement." *Ibid.* (quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotation marks omitted).

When considering a motion under Rule 12(b)(6), a court may consider only (i) the complaint itself, (ii) documents either attached to the complaint or incorporated in it by reference, (iii) documents the plaintiff relied on and knew of when bringing suit, and (iv) matters in the public record that are subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999). The Court "assume[s] the[] veracity" of the "factual allegations" in the complaint but not its "legal conclusions," *Iqbal*, 556 U.S. at 678–79, and "draw[s] all reasonable inferences in favor of the plaintiff." *Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023) (citation omitted).

# DISCUSSION

Defendant's motion to dismiss for failure to state a claim is denied. Defendant has failed to establish that plaintiff's claims are time-barred or that plaintiff's trademark is generic. Plaintiff also adequately alleges a likelihood of confusion between the relevant marks.

## I.   Defendant Fails to Establish Either a Statute-of-Limitations or Laches Defense.

Defendant's motion to dismiss plaintiff's claims as time-barred cannot succeed at this stage of the case. That is so even assuming *arguendo* that the complaint incorporates by reference the full Google Play Store listing which describes defendant's mobile application as "[r]eleased on Dec 15, 2015" and that the Court may take notice that the "Offeria Website" cited in paragraph 18 of the complaint purports to be owned by a non-party. Def.'s Mem. in Supp. 6; Def.'s Mem. in Supp. Ex. A, at 4 (Dkt. #39-2).

Under federal law, statutes of limitations and laches are affirmative defenses. *See* Fed. R. Civ. P. 8(c)(1). An "affirmative defense . . . often requires consideration of facts outside of the complaint," and is therefore generally "inappropriate to resolve on a motion to dismiss." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013). "Affirmative defenses may be adjudicated at this stage in the litigation, however, where the facts necessary to establish the defense are evident on the face of the complaint." *Ibid.*

"Because the Lanham Act establishes no limitations period for claims alleging unfair competition . . . and because there is no corresponding federal statute of limitations," *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191 (2d Cir. 1996), "it is the equitable defense of laches, not a statute of limitations, that is the source from which to measure delay in Lanham Act cases," J.T. McCarthy, *McCarthy on Trademarks and Unfair Competition* § 31:33 (5th ed. 2023) ("McCarthy"); *accord Belmora LLC v. Bayer Consumer Care AG*, 987 F.3d 284, 293–94 (4th Cir.

2021); *Kars 4 Kids Inc. v. Am. Can!*, 8 F. 4th 209, 220 (3d Cir. 2021).  The analogous state statute of limitations nonetheless creates a presumption of laches for claims filed outside the statute-of-limitations period.  *Conopco*, 95 F.3d at 191.  If plaintiff's claim falls within the applicable state statute of limitations, however, "the burden is on the defendant to show . . . circumstances exist which require the application of the doctrine of laches."  *Ibid.* (citation omitted).

Even if California's four-year statute of limitations is the analogous statute of limitations, *see* California Code of Civil Procedure § 343—rather than the six-year limitations period applicable under New York law, *Conopco*, 95 F.3d at 191—defendant fails to establish a laches defense based on the facts in the complaint.  Laches requires unreasonable delay by the plaintiff and prejudice to the defendant.  *Conopco*, 95 F.3d at 192.  Under both New York and California law, "[t]he laches clock begins to run when the trademark owner 'knew or should have known, not simply that [the infringer] was using the potentially offending mark, but that [it] had a provable infringement claim against [the infringer.]'"  *Excelled Sheepskin & Leather Coat Corp. v. Oregon Brewing Co.*, 897 F.3d 413, 419 (2d Cir. 2018) (alterations in original) (quoting *ProFitness Physical Therapy Ctr. v. Pro-Fit Orthopedic & Sports Physical Therapy*, 314 F.3d 62, 70 (2d Cir. 2002)); *accord Tillamook Cnty. Smoker, Inc. v. Tillamoook Cnty. Creamery Ass'n*, 465 F.3d 1102, 1108 (9th Cir. 2006).  "[T]he burden is on the defendant to establish when a federal claim accrues."  *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011).  "[W]hether a plaintiff had sufficient facts to place it on inquiry notice is 'often inappropriate for resolution on a motion to dismiss under Rule 12(b)(6).'"  *LC Cap. Partners v. Frontier Ins. Grp.*, 318 F.3d 148, 156 (2d Cir. 2003) (quoting *Marks v. CDW Comput. Ctrs., Inc.*, 122 F.3d 363, 367 (7th Cir. 1997)).

Defendant fails to show that plaintiff's claims were unreasonably delayed.  Plaintiff's claims are not presumptively barred on laches grounds because defendant cannot establish that

6

plaintiff knew or should have known of a provable infringement claim more than four years before bringing suit.  Defendant's reliance on the 2015 release of its mobile application is misplaced.  The mere fact that defendant listed its mobile application in 2015, without more, does not establish that plaintiff should have known in 2015 of its infringement claim against defendant.  The complaint does not allege any facts that compel the inference that plaintiff must have known about that 2015 listing, which plaintiff may have reasonably missed due to defendant's relative obscurity, *see* Compl. ¶¶ 8, 17, and the "massive volume" of applications listed on the Google Play Store, *Omega Eng'g v. Omega Shielding*, No. 96-CV-01333 (PCD), 1998 WL 35256542, at *3 (D. Conn. Mar. 3, 1998) (holding that plaintiff lacked constructive notice because "there is no overwhelming circumstantial evidence . . . that plaintiff must have been aware of defendant's use of the contested mark . . . [such as] prior registration," despite defendant's listing in a voluminous trade journal); *see* McCarthy § 31:38 ("A plaintiff is not necessarily put on notice for laches to run merely because defendant listed its mark in a telephone directory." (citing *Nat'l Trailways Bus Sys. v. Trailway Van Lines, Inc.*, 269 F. Supp. 352, 359 (E.D.N.Y. 1965))).

   Instead, the earliest that plaintiff's constructive knowledge *might* be inferred from the complaint is in September 2022 when defendant applied to register its trademark with the USPTO.  *See* Compl. ¶ 19.  *Compare Easton v. Primal Wear, Inc.*, No. 17-CV-06081, 2019 WL 1430985, at *8 (N.D. Ill. Mar. 29, 2019) ("Absent some further evidence that [plaintiff] should have been aware of [defendant's] potentially infringing conduct at the time it registered its trademarks, the registration itself tells us relatively little."), *with Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018) ("[Plaintiff] should have known about its claims no later than when [defendant]'s registration issued in July 2010.").  But plaintiff filed suit nine months after that.  Defendant cannot carry its burden in showing that plaintiff unreasonably delayed in filing

7

suit based on these facts, or that it was prejudiced by such a delay. *See Excelled*, 897 F.3d at 420. Defendant has therefore failed to show at this stage that plaintiff's federal claims are time-barred.

**II.      Defendant's Genericness Defense Is Misplaced.**

Defendant next argues that plaintiff's federal- and state-law claims should all be dismissed because those claims all depend on plaintiff's trademark protection of the "generic term 'Offer.'" Def.'s Mem. in Supp. 13–14. Even assuming that defendant has not forfeited this argument as plaintiff argues, this argument does not support dismissal, because it improperly aims a genericness defense at the term "offer" instead of the plaintiff's mark "OfferUp."

"A generic word cannot be validly registered as a trademark." *FragranceNet.com, Inc. v. Les Parfums, Inc.*, 672 F. Supp. 2d 328, 333 (E.D.N.Y. 2009) (citing *CES Publ'g Corp. v. St. Regis Publ'ns, Inc.*, 531 F.2d 11, 13 (2d Cir. 1975)). "A mark is generic if it is a common description of products and refers to the genus of which the particular product is a species." *Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc.*, 192 F.3d 337, 344 (2d Cir. 1999). Whether a mark is properly classified as generic "is a factual question" that depends on "how the purchasing public views the mark." *Ibid.* (citation omitted). "The general rule is that the genericness of a composite is determined by examining the composite as a whole rather than examining its constituent parts individually." McCarthy § 12:39; *accord Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 215 (2d Cir. 2003). Because plaintiff's mark, "OfferUp," is registered, *see* Compl. ¶¶ 11, 12, "it is presumed not to be generic," *FragranceNet.com*, 672 F. Supp. 2d at 333 (citing *Reese Pub. Co. v. Hampton Int'l Commc'ns, Inc.*, 620 F.2d 7, 11 (2d Cir.1980)).

Defendant fails to overcome that presumption based on allegations regarding the public perception of the term "offer." Def.'s Mem. in Supp. 13–14. That argument is misplaced because the plaintiff's mark is "OfferUp" not "offer." *See* McCarthy § 12:39; *Courtenay*, 334 F.3d at 215 ("The district court erred when it did not treat ['iMarketing News'] as a composite mark."); *cf.*

8

*Forschner Grp., Inc. v. Arrow Trading Co. Inc.*, 30 F.3d 348, 355 (2d Cir. 1994) ("[T]he phrase Swiss Army knife is not geographically descriptive within the meaning of the Lanham Act unless the phrase, considered as a whole, is a designation of geographic origin.").

Further, defendant cannot demonstrate genericness based on facts outside the complaint. In adjudicating a motion to dismiss, the Court is limited to "[t]he pleadings and documents necessarily relied upon by plaintiff's complaint." *Courtenay*, 334 F.3d at 215. That material here is "insufficient for determining the critical fact of how the public views the [OfferUp] mark." *Ibid.*

### III. Plaintiff Has Adequately Pleaded a Likelihood of Confusion.

Finally, defendant is not entitled to dismissal on the theory that plaintiff did not adequately plead a "likelihood of confusion between the Parties' respective marks." Def.'s Mem. in Supp. 14.

#### A. The complaint adequately pleads a likelihood of confusion to support plaintiff's federal claims.

Plaintiff has adequately pleaded a likelihood of confusion to support both its infringement claim and its unfair competition claim under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a). To establish a claim under "§ 1114 of the Lanham Act, [a] plaintiff in a trademark infringement action must show that defendant (1) without consent, (2) used in commerce, (3) a reproduction, copy or colorable imitation of plaintiff's registered mark, as part of the sale or distribution of goods or services, and (4) that such a use is likely to cause confusion." *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1075 (2d Cir. 1993). Unfair competition claims are analyzed under the same test as is used for infringement claims under the Lanham Act. *See Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003) ("A claim of trademark infringement, whether brought under 15 U.S.C. § 1114(1) . . . or 15 U.S.C. § 1125(a) . . . is analyzed under the [same] test."); *see also, e.g.*, *Mattel, Inc. v. Arming*, No. 18-CV-8824 (LAP), 2021 WL 3683871, at *5

9

(S.D.N.Y. Aug. 18, 2021); *Richemont N. Am., Inc. v. Huang*, No. 12-CV-4443 (KBF), 2013 WL 5345814, at \*5 n.15 (S.D.N.Y. Sept. 24, 2013); *New W. Corp. v. NYM Co. of Cal.*, 595 F.2d 1194, 1201 (9th Cir. 1979) ("Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical.").

Defendant contends that plaintiff's trademark-infringement and unfair-competition claims should be dismissed because plaintiff fails to adequately plead a likelihood of confusion—"the key element" in a trademark infringement suit. *Gruner + Jahr USA Publ'g*, 991 F.2d at 1077. To determine whether a likelihood of confusion exists, courts apply Judge Friendly's eight-factor balancing test from *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492 (2d Cir. 1961), examining the

> (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may 'bridge the gap' by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market.

*Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 114 (2d Cir. 2009) (citation omitted); *see Polaroid*, 287 F.2d at 495. "[T]he *Polaroid* test . . . is a fact-intensive inquiry that depends greatly on the particulars of each case." *Kelly-Brown*, 717 F.3d at 307. "Claims, however, may be dismissed as a matter of law where the court is satisfied that the products or marks are so dissimilar that no question of fact is presented." *Pirone v. MacMillan, Inc.*, 894 F.2d 579, 584 (2d Cir. 1990) (quotation marks and citations omitted); *see also Portkey Techs. Pte Ltd. v. Venkateswaran*, No. 23-CV-5074 (JPO), 2024 WL 3487735, at \*3 (S.D.N.Y. July 19, 2024) ("But such dismissals are rare and typically for reasons . . . such as clear parody or a total absence of proximity between the marks.").

Plaintiff has adequately pleaded likelihood of confusion under the *Polaroid* factors.

10

First, the strength factor favors plaintiff at this stage.  "The strength of a mark is determined by its tendency to uniquely identify the source of the product." *Star Indus., Inc. v. Bacardi & Co. Ltd.*, 412 F.3d 373, 384 (2d Cir. 2005).  A mark is strong if it "is distinctive, either inherently or by virtue of having acquired secondary meaning." *Ibid*.  "Marks are classified," from weakest to strongest, "as (1) generic; (2) descriptive; (3) suggestive; or (4) arbitrary or fanciful." *Id.* at 384–85 (brackets, quotation marks, and citation omitted).  The Second Circuit defines these categories as follows:

> Generic marks are those consisting of words identifying the relevant category of goods or services.  They are not at all distinctive and thus are not protectable under any circumstances.  Descriptive marks are those consisting of words identifying qualities of the product.  They are not inherently distinctive, but are protectable provided they have acquired secondary meaning, which we sometimes refer to as acquired distinctiveness.  Suggestive marks and arbitrary or fanciful marks are each inherently distinctive.  Suggestive marks are those that are not directly descriptive, but do suggest a quality or qualities of the product, through the use of imagination, thought and perception.  Arbitrary or fanciful marks are ones that do not communicate any information about the product either directly or by suggestion.

*Id.* at 385 (brackets, quotation marks, and citation omitted).

The OfferUp mark is not a generic mark that merely "identif[ies] the relevant category of goods or services," *ibid.*, and assuming *arguendo* that the mark is descriptive, plaintiff has adequately pleaded at least acquired distinctiveness.  Plaintiff alleges that its "OfferUp mobile app[] [has] ranked in the top four most downloaded applications in both the Apple App Store and Google Play Store's lifestyle and shopping categories," "facilitat[ed] over $14 billion in transactions" in 2016, and "has been downloaded over 100 million times." Compl. ¶ 8; *see Car-Freshner Corp. v. Am. Covers, LLC*, 980 F.3d 314, 329 (2d Cir. 2020) (noting "tens of millions of dollars" in sales and "widespread recognition" in finding acquired distinctiveness of plaintiff's "Black Ice" products despite "the fact that the words 'black' and 'ice' appear in the marks on other air fresheners").  Moreover, acquired distinctiveness is attainable "through the mark's uncontested

11

use for five years." *The Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 961 (2d Cir. 1996). The incontestable status of plaintiff's mark thus further supports a conclusion that the mark is strong even if it is properly classed as descriptive. *Ibid.* (finding at the summary-judgment stage that plaintiff's descriptive mark "strong for the purposes of the *Polaroid* inquiry" due to its "uncontested use for five years"). Ultimately, with limited evidence available at this stage regarding many factors used to demonstrate secondary meaning—such as "advertising expenditures," "consumer studies linking the mark to a source," "unsolicited media coverage of the product," "sales success," and "attempts to plagiarize the mark"—the fact that plaintiff "has raised some allegations supporting strength . . . suffices for the moment." *Lopez v. Adidas Am., Inc.*, No. 19-CV-7631 (LJL), 2020 WL 2539116, at *9 (S.D.N.Y. May 19, 2020) (citation omitted).

Second, the similarity factor favors plaintiff, albeit slightly. In determining similarity, "courts must analyze the mark's overall impression on a consumer, considering the context in which the marks are displayed and the totality of factors that could cause confusion among prospective purchasers." *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 117 (2d Cir. 2006) (citation and quotation marks omitted). "OfferUp" and "Offeria" are seven-character derivations of the same core word, "offer." Defendant emphasizes the differences in the two logos, *see* Def.'s Mem. in Supp. 7–8, 13–14, but the Second Circuit has repeatedly warned against over-reliance on this sort of side-by-side comparison. *See, e.g.*, *MidCap Bus. Credit, LLC v. MidCap Fin. Tr.*, No. 22-CV-713, 2022 WL 17175400, at *2 (2d Cir. Nov. 23, 2022) (reversing grant of motion to dismiss); *Louis Vuitton*, 454 F.3d at 117 ("The district court erred because it based its determination that confusion between the . . . marks was unlikely at least in part on an overemphasized side-by-side comparison."). Indeed, plaintiff's "mark stretches beyond the logo to the words" themselves. *The Sports Auth., Inc.*, 89 F.3d at 962.

12

Defendant has therefore not established, at least at this stage of the case, that the disparate appearance of the two logos precludes a finding of similarity despite the resemblance between the word marks themselves. *See RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc.*, 527 F. Supp. 3d 305, 323 (E.D.N.Y. 2021) (finding on motion for summary judgment that "[t]he marks at issue—'Floor Decor' and 'Floor & Decor'—are 'strikingly similar'" even though "the marks use different typefaces and have an adjacent symbol"); *Berkshire Fashions, Inc. v. Sara Lee Corp.*, 725 F. Supp. 790, 795 (S.D.N.Y. 1989) (finding after a bench trial that the marks ENERGIZER and SHEER ENERGY "have a high degree of similarity, and are, indeed, confusingly similar" due to "the use of the root word 'energy' to define the principal expectation of the purchaser"), *aff'd sub nom.* 904 F.2d 33 (2d Cir. 1990); *see also Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 465 (4th Cir. 1996) (finding similarity of "L'eggs" and "Leg Looks" favored infringement finding because the two marks, "although not identical, are perceived similarly by the eye and ear"). That is especially so here because, as discussed further below, the parties offer the same product in the same market and thus present their marks to consumers in the shared context of mobile app stores. *See Am. Home Prods. Corp. v. Johnson Chem. Co.*, 589 F.2d 103, 107 (2d Cir. 1978) (reversal denial of preliminary injunction by "Roach Motel" mark owner against "Roach Inn" mark owner despite the latter's "juxtaposition of [a different] mark" and a "difference in the trade dress"; noting "[o]ne who adopts the mark of another for similar goods acts at his own peril and any doubt concerning the similarity of the marks must be resolved against him"); *cf. Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497, 504 (2d Cir. 1996) ("[A]lthough the two marks [SPAM and Spa'am] are superficially similar, in all likelihood the parodic context in which the name 'Spa'am' appears [in a Muppets film] will distinguish the marks in the consumer's mind.").

Third, the proximity factor decisively favor plaintiff. Plaintiff has adequately pleaded that its and defendant's platforms serve the same market, as each provides an "online marketplace" for "marketing, advertising, and selling goods and services." Compl. ¶¶ 8, 11, 19. The fact that the parties serve the same market also renders the fourth, "bridging-the-gap factor irrelevant." *Car-Freshner*, 980 F.3d at 332.

The remaining factors are neutral or favor defendant but are not sufficient to defeat plaintiff's claim at the motion-to-dismiss stage. *See Bath & Body Works Brand Mgmt., Inc. v. Summit Ent.*, LLC, 7 F. Supp. 3d 385, 399 (S.D.N.Y. 2014) ("[S]trength, similarity, and proximity are generally the three most important *Polaroid* factors." (citing *Mobil Oil Corp. v. Pegasus Petrol. Corp.*, 818 F.2d 254, 258 (2d Cir. 1987))). Plaintiff fails to plausibly allege actual confusion, because the complaint contains at most conclusory allegations on this point, Compl. ¶¶ 25, 58; *see also id.* ¶¶ 40–41, 50, so this factor favors defendant, but an absence of actual consumer confusion alone cannot defeat plaintiff's claim, *see, e.g.*, *Car-Freshner Corp.*, 980 F.3d at 332; *Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 826 F.3d 27, 45 (2d Cir. 2016).

The remaining factors are neutral at this stage. Bad faith "is a heavily fact-intensive inquiry that requires investigating the defendant's state of mind and actions before referencing an asserted mark." *Portkey Techs. Pte Ltd.*, 2024 WL 3487735, at *6. The complaint's allegations of bad faith largely consist of allegations of similarity, coupled with the allegation that defendant began its alleged infringement about two years after USPTO issued plaintiff's word mark, *see* Compl. ¶ 11. While similarity alone does not establish bad faith, *JTH Tax LLC v. AMC Networks Inc.*, 694 F. Supp. 3d 315, 339 (S.D.N.Y. 2023), "[b]ad faith may be inferred from the junior user's actual or constructive knowledge of the senior user's mark" in some cases, depending on the context, *Star Indus.*, 412 F.3d at 389; *see Arrow Fastener Co. v. Stanley Works*, 59 F.3d 384, 397 (2d Cir.

14

1995) ("Prior knowledge of a senior user's trade mark does not necessarily give rise to an inference of bad faith."). Here, while the allegations supporting bad faith are limited, the fact that the parties provide the same service, drawing all reasonable inferences in plaintiff's favor, renders this factor neutral at this stage. *See Kelly-Brown*, 717 F.3d at 313.

In addition, the respective-quality factor is neutral at this stage. Plaintiff has pleaded facts regarding the relative popularity of the parties' competing platforms, *compare* Compl. ¶ 8, *with id.* ¶ 17, but not the relative quality, *see Star Indus.*, 412 F.3d at 389 ("[A]bsent factual findings or evidence one way or the other, this factor is at most evenly balanced.").

Finally, the sophistication factor is neutral for purposes of defendant's motion to dismiss. The complaint does not "indicate whether consumers in the relevant market are particularly sophisticated or susceptible to confusion." *Portkey Techs.*, 2024 WL 3487735, at *7; *see JTH Tax LLC*, 694 F. Supp. 3d at 340 ("At the motion to dismiss stage, the Court looks to the allegations in the Complaint, and reserves questions of fact for summary judgment. Because the Complaint does not allege facts regarding consumer sophistication, the Court finds this factor to be neutral." (alterations, brackets, and citation omitted)).

Taking these factors in combination, with nothing more than the complaint as guidance, enough factors weigh in favor of likelihood of confusion to survive dismissal. *See Pirone*, 894 F.2d at 584.

Defendant nevertheless implies that plaintiff fails to state a claim by not alleging that defendant used plaintiff's specific mark. *See* Def.'s Mem. in Supp. 13–14; Def.'s Reply 4–5 (suggesting that plaintiff claims protection in the word "offer" given that is the extent to which "Offeria" overlaps with "OfferUp"). But marks need only "closely resemble[]" each other to implicate Section 1125(a). *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 144 (2015)

(stating that "[t]he owner of a mark, whether registered or not, can bring suit in federal court if another is using a mark that too closely resembles the plaintiff's" (citing Section 1125(a))). That close resemblance is plaintiff's theory of the case. *See* Compl. ¶ 20 ("Defendant's OFFERIA Mark is highly similar in appearance, in sound, and in commercial impression to Plaintiff's OFFERUP trademark.").

Plaintiff's federal-law claims alleging trademark infringement and unfair competition therefore survive defendant's motion to dismiss.

**IV. Plaintiff's State-Law Claims Survive for the Same Reasons.**

Defendant's arguments are equally unpersuasive when aimed at plaintiff's state-law claims.

First, neither the facts in the complaint nor the supplemental material that defendant asserts can be judicially noticed establishes that plaintiff's state-law claims are untimely, regardless of whether California's four-year statute of limitations or New York's six-year statute of limitations applies. *See supra* pp. \*\*–\*\*.

Second**,** defendant is not entitled to the dismissal of plaintiff's claims of trademark infringement and unfair competition under either California or New York law. The elements of a common-law unfair-competition claim in both states are "substantially congruent" to those of an unfair-competition claim under the Lanham Act. *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) (California law) (citation omitted); *accord No Doubt v. Activision Publ'g, Inc.*, 192 Cal. App. 4th 1018, 1038–39 (2011); *see also TechnoMarine SA v. Jacob Time, Inc.*, No. 12-CV-790 (KBF), 2012 WL 2497276, at \*5 (S.D.N.Y. June 22, 2012) ("[T]he standard for trademark infringement and unfair competition under the Lanham Act is virtually identical to that under New York common law, except that the latter requires an additional showing of bad faith."). And the "ultimate test" for the likelihood of confusion "is exactly the same" whether the claim is for unfair

16

competition or trademark infringement. *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988) (citing *New W. Corp. v. NYM Co. of Cal.*, 595 F.2d 1194, 1201 (9th Cir. 1979)); *accord Easy Spirit, LLC v. Skechers U.S.A., Inc.*, 515 F. Supp. 3d 47, 70 (S.D.N.Y. 2021); *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 366 (E.D.N.Y. 2014). Accordingly, for the same reasons discussed *supra* pp. **–**, plaintiff's state-law claims survive defendant's motion to dismiss. *See, e.g.*, *Roblox Corp. v. WowWee Grp. Ltd.*, 660 F. Supp. 3d 880, 894 (N.D. Cal. 2023) ("For the same reason the motion to dismiss is denied with respect to the Lanham Act claims, it is denied with respect to the [California] state law claims."); *Canon U.S.A., Inc. v. F & E Trading LLC*, No. 15-CV-6015 (DRH) (AYS), 2017 WL 112515, at *5 (E.D.N.Y. Jan. 11, 2017) (denying motion to dismiss as to New York common-law claim for unfair competition because "adequately pled sufficient facts to state a plausible claim . . . for trademark infringement and unfair competition under the Lanham Act").

## CONCLUSION

For the reasons explained above, defendant's motion to dismiss for failure to state a claim is denied.

SO ORDERED.

Dated: September 30, 2024             /s/ Rachel Kovner
Brooklyn, New York                  RACHEL P. KOVNER
                                          United States District Judge